IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENOVEVA ALVARADO, as guardian for
Agustine Reynoso, an incapacitated minor,

    Plaintiff,

v.

                                                              1:15-cv-00950-KG-LF

DOLORES LOPEZ, JUAN LUCERO and
ALBUQUERQUE PUBLIC SCHOOLS,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the parties' Joint Motion to Request Hearing to Approve Settlement (Doc. 15).  District Judge Kenneth J. Gonzales referred this matter to me to conduct the hearing, perform any legal analysis, and recommend to the Court an ultimate disposition of the case.  Doc. 16.

The Court reviews settlements involving minor children and incapacitated persons for fairness.  *See Garcia v. Middle Rio Grande Conservancy Dist.*, 1983-NMCA-047, ¶ 30, 99 N.M. 802, 808, 664 P.2d 1000, 1006 ("In passing upon settlements dealing with claims or rights of minors, the court must determine whether the approval of a compromise would be in the best interests and welfare of the minor child."), *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 1992-NMSC-056, 114 N.M. 354, 838 P.2d 971; N.M. Stat. Ann. § 38-4-16 (settlement on behalf of an incapacitated person is "subject to the approval of the court in which the suit is pending").

The Court held a hearing on June 30, 2016, to determine the fairness of the proposed settlement, and whether it was in the best interests of Agustine Reynoso, who was an incapacitated minor child at the time of the incident that gave rise to this lawsuit.  Michael C. Ross appeared on

behalf of plaintiff Genoveva Alvarado, the guardian of Agustine Reynoso.  Both Ms. Alvarado and Mr. Reynoso also were present, as was a Spanish-speaking interpreter.  The interpreter assisted Ms. Alvarado, who primarily speaks Spanish.  Megan A. Muirhead appeared on behalf of defendant Albuquerque Public Schools (APS).  Raynard Struck appeared as the court-appointed guardian ad litem (GAL) for Mr. Reynoso.  The Court received testimony from both Mr. Struck and Ms. Alvarado, and heard the argument of counsel.  Having considered the evidence and argument presented at the hearing, Mr. Struck's GAL report, and the relevant law, the Court makes the following findings:

1. In August or September, 2013, Mr. Reynoso was a student at Rio Grande High School in Albuquerque, New Mexico.  Mr. Reynoso has cerebral palsy and is confined to a wheelchair.  He also has diminished mental and verbal capacity as a result of his cerebral palsy.  He lives with his grandmother, Ms. Alvarado, who is also his legal guardian.

2. During the fall semester of 2013, Mr. Reynoso was a student in defendant Juan Lucero's special education class.  Defendant Dolores Lopez was the teaching assistant for the class.[1]  In August or September, 2013, Mr. Reynoso attended a field trip with his fellow students and his teachers.  During the field trip, Mr. Reynoso became excited and started making noises that purportedly sounded similar to the meowing of a cat.  Such noises were the way that Mr. Reynoso expressed being happy and excited.

3. At the end of the field trip, and after returning to school, Mr. Reynoso again made similar noises, and Ms. Lopez told him to stop.  When Mr. Reynoso continued to make the noises,

---

[1] Mr. Lucero and Ms. Lopez are no longer employed with APS.  The parties stipulated to the dismissal of both Mr. Lucero and Ms. Lopez from the case with prejudice on June 30, 2016.  Doc. 20.

       Mr. Lopez taped Mr. Reynoso's mouth shut with scotch tape.   Mr. Reynoso objected to having is mouth taped shut by shaking his head and saying "no."   The tape was removed without further incident.

4. Mr. Reynoso did not suffer any physical injury as a result of this incident.   But when he returned home, he was quiet, tearful, depressed, scared, and humiliated.   According to Ms. Alvarado, Mr. Reynoso has fully recovered from this episode and has returned to being himself.   Mr. Reynoso successfully completed high school and recently turned 18.

5. The GAL met with Mr. Reynoso, and to the extent that Mr. Reynoso is capable of expressing himself, Mr. Reynoso reported that he was doing well.   Mr. Reynoso did not incur any medical or mental health expenses related to this incident.

6. The GAL report outlines the basic terms of the settlement, and how the funds from the settlement will be disbursed.   At the hearing, however, Mr. Ross clarified that his firm would absorb the costs, so there would be no deduction from Mr. Reynoso's portion of the proceeds for costs.   Also, APS will pay the GAL's fees.   Thus, the only deduction from the settlement amount will be for the agreed upon attorney's fees and the corresponding gross receipts tax.   The rest of the funds will be put in a special needs trust with the ARC of New Mexico.   Placing the funds in this trust account will preserve Mr. Reynoso's ability to continue to receive government benefits but also will enable him to access funds for his special needs that are not covered by those benefits.

7. The settlement was fairly and honestly negotiated.   Ms. Muirhead explained that plaintiff's counsel made a demand by letter before litigation, but that the negotiations began in earnest after the lawsuit was filed.   Most of the negotiations were handled over the telephone

between Ms. Muirhead and Mr. Ross, then were followed by a confirmation email. Mr. Ross's colleague, David Elias Idinopulos, who speaks Spanish, communicated with Ms. Alvarado to discuss the offers and counter-offers. Ms. Alvarado understood that she was not required to accept the settlement, but that the result would be uncertain if she continued with the lawsuit, and there was a chance that her grandson would get nothing. She understands that the funds received for the settlement will be placed in a special needs trust for her grandson's benefit. She believes that the settlement is fair, and she asked the Court to accept the settlement.

8. Serious questions of law and fact exist which make the outcome of this litigation uncertain. The Court notes that APS filed a motion to dismiss the complaint because plaintiff failed to exhaust administrative remedies as required under the Individuals with Disabilities Education Act. *See* Doc. 4. The Court had not ruled on that motion, and granting it would have resulted in the dismissal of plaintiff's federal claims. *See id.* Further, Mr. Reynoso incurred no special damages, which makes it difficult to predict what he could have recovered after a trial, if anything.

9. In the Court's view, the value of an immediate recovery significantly outweighs the mere possibility of future relief after protracted and expensive litigation. Whether or how much Mr. Reynoso could have recovered after a trial is not certain. Mr. Reynoso did not incur any out-of-pocket expenses as a result of the incident, nor did he suffer any physical injury or lasting mental anguish. The immediate deposit of funds into a special needs trust will enable Mr. Reynoso to pay for expenses that are not covered by his government benefits, but will preserve his ability to continue to receive those government benefits.

10. The GAL and the parties believe the proposed settlement is fair and reasonable, and asked that the Court to approve it.   At the hearing, the parties waived the 14-day period within which to file objections to these proposed findings and recommended disposition.

## Conclusion and Recommended Disposition

The Court has jurisdiction over the parties and the subject matter of this lawsuit.   Based on the entire record, the proposed settlement is fair and reasonable, and is in the best interests of Mr. Reynoso.   I recommend that the Court grant the parties' Joint Motion for Hearing to Approve Settlement (Doc. 15), and that it approve the proposed settlement on behalf of Mr. Reynoso.   I further recommend that the GAL be discharged of his duties upon the creation and funding of the special needs trust with the ARC of New Mexico.

_____
Laura Fashing
United States Magistrate Judge